# IN THE COURT OF APPEALS OF IOWA

––––––––––––––––

No. 25-0753
Filed April 15, 2026

––––––––––––––––

**Greggory Lloyd Lobato,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

––––––––––––––––

Appeal from the Iowa District Court for Monona County,
The Honorable Jeffrey A. Neary, Judge.

––––––––––––––––

**AFFIRMED**

––––––––––––––––

Tiffany Kragnes, West Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney
General, attorneys for appellee.

––––––––––––––––

Considered without oral argument
by Tabor, C.J., Langholz, J., and Telleen, S.J.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

A jury convicted Greggory Lobato of domestic-abuse assault, third offense—a class "D" felony. *See* Iowa Code § 708.2A(1), (4) (2022). He then pleaded guilty to a second charge of domestic-abuse assault, third offense, for another incident with the same victim as part of a global plea agreement negotiated by his same defense counsel. He did not appeal his convictions. Instead, he applied for postconviction relief, arguing that his counsel was ineffective throughout the representation. And after a short bench trial at which Lobato called only one witness—himself—the district court found that Lobato failed to prove his ineffective-assistance-of-counsel claims and denied him postconviction relief.

Lobato now appeals. But on our de novo review, we agree with the district court that Lobato has failed to show that his counsel breached any essential duty. So his ineffective-assistance-of-counsel claims fail. *See Smith v. State*, 7 N.W.3d 723, 725–26 (Iowa 2024); *Sothman v. State*, 967 N.W.2d 512, 522–23 (Iowa 2021). Because a full opinion would neither give the parties better reasoning than they have already received from the district court nor advance development of the law, we affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**